UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

RONNIE COVINGTON,

                        Plaintiff,                COMPLAINT
                                                            12 CV 1072 (ALC)

                - against -

THE CITY OF NEW YORK, STEVEN COLON,
WILLIAM J. RYAN and JOHN DOE 1and 2, the
names being presently unknown and fictitious,
employees of the New York City Police
Department,
                                                             Jury Trial Demanded
                        Defendants.

-------------------------------------------------------------------x

       Ronnie Covington, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint:

### Nature of the Action

1.     This civil rights action arises from defendants' August 19, 2010 and January 11, 2011 arrests of Ronnie Covington on the claim that he criminally trespassed in New York City Housing Authority-owned buildings, and, as to the January 11, 2011 arrest, the resulting strip-search and prosecution.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

3. Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

Parties

4. Plaintiff Ronnie Covington is a citizen of the United States of America residing in the State and City of New York, County of Kings. He is African-American and resides at 401 Mother Gaston Boulevard in Brooklyn, New York.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendants Steven COLON, Shield 2525, and William J. Ryan, Shield 30855, were at all times relevant duly appointed and acting police officers employed by the New York City Police Department and assigned, upon information and belief, to the Housing Bureau's Police Service Area 2 in Brooklyn, New York. They are liable either for directly participating in the acts described herein or for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers. They are sued in their individual capacity.

7. Defendant JOHN DOE 1 was, at all times relevant, a police officer employed by the New York City Police Department who was working with defendant COLON on August 19, 2010 when plaintiff was arrested and assigned, upon information and belief, to the Housing Bureau's Police Service Area 2 in

Brooklyn. He is liable either for directly participating in the acts described herein or for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. He is sued in his individual capacity.

8. Defendant JOHN DOE 2 was, at all times relevant, a police officer employed by the New York City Police Department who was working with defendant RYAN on January 11, 2011 when plaintiff was arrested and assigned, upon information and belief, to the Housing Bureau's Police Service Area 2 in Brooklyn. He is liable either for directly participating in the acts described herein or for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. He is sued in his individual capacity.

9. Defendants COLON, RYAN and DOE 1 and 2 (collectively, the "individual defendants"), were at all times relevant duly appointed and acting employees of the New York City Police Department and were agents, servants and employees acting within the scope of their employment by defendant City of New York.

10. At all times relevant, the individual defendants were acting under color of state law.

Facts Underlying
<u>Plaintiff's Claims for Relief</u>

11. On or about August 19, 2010 at approximately 1:30 p.m., plaintiff was biking home when defendants COLON and DOE 1 unlawfully accosted, detained and arrested him on Watkins Street between Glenmore and Pitkin Avenues. Mr. Covington was thereafter prosecuted on false charges of criminally

trespassing at 300 Stone Avenue, part of a Public Housing development known as the Howard Houses.

12. Plaintiff was not involved in illegal activity and two defendants had no lawful justification to stop, question and arrest Mr. Covington.

13. Defendants COLON and DOE 1 took plaintiff in handcuffs to the P.S.A. 2 Stationhouse, leaving Mr. Covington's bicycle, valued at about one hundred dollars, on the street and never to be seen by plaintiff again.

14. Defendants COLON and DOE 1 prepared false police reports accusing Ronnie Covington of Criminal Trespass.

15. After the arrest paper work was completed, plaintiff was taken to Brooklyn Central Booking to await arraignment.

16. While Covington was awaiting arraignment, COLON made false statements to the Kings County District Attorney's Office.

17. The misrepresentations caused plaintiff to be prosecuted under Kings County Docket No. 2010KN066437 on the false charge of Trespass (P.L. §140.05, a violation) and Criminal Trespass in the Third Degree (P.L. §140.10[e], a B misdemeanor punishable by up to one year in jail).

18. Mr. Covington was arraigned on the false charges, released and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court on October 12, 2010, December 13, 2010, February 3, 2011, March 21, 2011 and, finally, May 5, 2011 when the case was adjourned in contemplation of dismissal and thereafter dismissed and sealed.

19. On January 11, 2011 at approximately 1:00 p.m., defendants RYAN and DOE 2 unlawfully accosted, detained and arrested Ronnie Covington at and

around 1590 East New York Avenue in Brooklyn, one of the buildings comprising a Public Housing development known as the Howard Houses.

20.     Plaintiff was not involved in illegal activity and two defendants had no lawful justification to stop, question and arrest Mr. Covington.

21.     Defendants RYAN and DOE 2 took plaintiff in handcuffs to the P.S.A. 2 Stationhouse, where Mr. Covington was strip-searched, photographed and fingerprinted and kept for about five hours before being taken to Brooklyn Central Booking.

22.     The strip search uncovered no contraband – no drugs, drug paraphernalia, weapons, excessive cash or, indeed, any evidence of any wrongdoing much less of criminal activity.

23.     Defendants RYAN and DOE 2 prepared false police reports accusing Ronnie Covington of Criminal Trespass.

24.     After the arrest paper work was completed, plaintiff was taken to Brooklyn Central Booking to await arraignment.

25.     While Covington was awaiting arraignment, RYAN made false statements to the Kings County District Attorney's Office.

26.     The misrepresentations caused plaintiff to be prosecuted under Kings County Docket No. 2011KN002624 on the false charge of Criminal Trespass in the Second, Third and Fourth degrees.

27.     Mr. Covington was arraigned on the false charges, released and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court on February 3, 2011, March 21, 2011 and, finally, May 5, 2011 when

the case was dismissed and sealed on the motion of the Kings County District Attorney.

28.   The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop. arrest, strip-search and prosecution of Mr. Covington.

29.   Defendants' acts and omissions caused Mr. Covington to suffer mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.  Plaintiff suffered the indignities of a strip-search and, twice, the arrest-to-arraignment process.  He suffered the authentic fear and anxiety of conviction and imprisonment based on false testimony and evidence.

30.   The individual defendants, at all times relevant, and in stopping, arresting, imprisoning and strip searching plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### PLAINTIFFS' FEDERAL CLAIMS
### AGAINST THE INDIVIDUAL DEFENDANTS

31.   Plaintiff repeats the allegations of paragraphs 1-30 above as though fully stated herein.

32.   The conduct of the individual defendants as described herein amounted to unlawful seizure, strip search, fabrication of evidence, and malicious prosecution in violation of 42 U.S.C. 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

33. As a consequence thereof, Ronnie Covington has been injured.

## PLAINTIFF'S FEDERAL CLAIMS
## AGAINST THE CITY OF NEW YORK

34. Plaintiff repeats the allegations of paragraphs 1-33 above as though fully stated herein.

35. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to instruct, supervise, monitor and control its Police employees, including instructing, supervising, monitoring and controlling the individual defendants herein.

36. Defendant City's enforcement of criminal trespass laws in and around New York City Housing Authority-owned properties without adequate training, supervision, monitoring or control has resulted in a de facto policy, pattern and practice of illegal stops, seizures, strip searches, arrest and prosecutions, including the stop, seizure, arrest, strip search and prosecution of Ronnie Covington.

37. The City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that police officers employed in the Housing Bureau, including officers involved in the present case, routinely and pursuant to City policy and practice conduct unlawful stops, arrests, strip searches and prosecutions based on purported enforcement of the criminal trespass laws. This lawsuit is at least the second action against Officer Colon based on enforcement of the criminal trespass laws, See Derek Steeple v. City of New York, Despot, Colon and Fraser,

11 CV 2386 (JBW)(JMA)(December 11, 2009 arrest and strip search, lawsuit commenced May 17, 2011).

38.     The NYPD's policy, pattern and practice amounts to a roving pedestrian checkpoint wherein NYPD officers stop, seize, question, and arrest individuals such as Ronnie Covington without individualized objective facts supporting trespass claims.

39.     Nor does the NYPD Patrol Guide provide NYPD officers with guidance on who is to be stopped, seized, questioned, searched or arrested for trespass at Housing Authority-owned properties.  It simply directs uniformed patrol officers to "take note of unauthorized persons remaining in lobbies, basements, staircases and roof landings and take appropriate police action when necessary." (NYPD Patrol Guide 212-60).  Yet the Patrol Guide contains no criteria for determining who is - and who is not - an "unauthorized person."

40.     The only guiding principles provided to NYPD officers are consistent with, and reflective of, a policy, practice and custom of reckless arrests based on less than probable cause.

41.     The City has failed to supervise and discipline NYPD officers who unlawfully stop, question, seize, search, arrest and prosecute individuals for trespass.  On information and belief, the City does not monitor criminal trespass arrests and prosecutions for improper stops, seizures, and arrests and has not instituted any monitoring or follow up procedure for disciplinary action when charges are dismissed or where it is otherwise established that an individual such as Ronnie Covington was arrested without probable cause.

42. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

43. As a consequence thereof, Ronnie Covington has been injured.

## PLAINTIFF'S STATE COMMON LAW CLAIMS AGAINST THE DEFENDANTS

44. Plaintiff repeats the allegations of paragraphs 1-43 above as though fully stated herein.

45. The conduct described herein amounted to unlawful arrest, assault, battery and malicious prosecution.

46. As a consequence thereof, Ronnie Covington has been injured.

## PLAINTIFF'S STATE CONSTITUTIONAL CLAIMS AGAINST THE DEFENDANTS

47. Plaintiff repeats the allegations of paragraphs 1-46 above as though fully stated herein.

48. By the actions described above, the defendants deprived plaintiff of rights secured by Article 1 Section 12 of the Constitution of the State of New York, including plaintiff's right to be free from arrest without probable cause.

49. As a consequence thereof, Ronnie Covington has been injured.

## Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:

        1.    A declaration that plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments of the United States Constitution was violated;

        2.    A declaration that plaintiff's rights under the New York State Constitution was violated;

(B)    Compensatory damages in an amount to be fixed at trial;

(C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from defendants Colon, Ryan and Doe 1 and 2 in an amount to be fixed at trial;

(D)    An award to plaintiff of the costs and disbursements herein;

(E)    An award of attorney's fees under 42 U.S.C. §1988; and

(F)    Such other and further relief as this Court may deem just and proper.

Dated: February 10, 2012
       Brooklyn, New York

*/s/ Matthew Flamm*
Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117